UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10036-GAO

MICHAEL J. MALOUF,
Plaintiff,

v.

UNITED STATES OF AMERICA et al,
Defendants.

ORDER
December 29, 2014

O'TOOLE, D.J.

Plaintiff Michael J. Malouf, proceeding *pro se*, originally brought this action against the United States and several correctional defendants concerning the medical treatment he received as an inmate at FMC Devens. The Court granted Malouf's motion to proceed *in forma pauperis* and gave Malouf forty-two days to show why his claims as to all the defendants except the United States should not be dismissed. (Mem. and Order at 4-5 (dkt. no. 5).). The United States now moves to dismiss Malouf's complaint for insufficient service of process.

When bringing an action against the United States, a plaintiff must serve the United States Attorney for the district where the action is brought, the Attorney General of the United States, and any nonparty agency or officer involved in the action. Fed. R. Civ. P. 4(i)(1). The government asserts that Malouf failed to serve process on the relevant nonparty agency, the Bureau of Prisons ("BOP").

A plaintiff who fails to properly serve a defendant within 120 days of filing may avoid dismissal by "show[ing] good cause for the failure." Fed. R. Civ. P. 4(m); Benjamin v. Grosnick, 999 F.2d 590, 591 (1st Cir. 1993). 28 U.S.C. § 1915(d) provides that the officers of the court

shall effect service of process for plaintiffs proceeding *in forma pauperis*. As a result, a plaintiff shows good cause when either the court or the United States Marshals fails to fulfill that responsibility. Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008).[1] However, although court officers are ultimately responsible for serving process under § 1915(d), a plaintiff such as Malouf must provide the addresses of the defendants to the marshals. Id. (explaining that plaintiffs proceeding *in forma pauperis* are responsible for "providing the addresses of the named defendants, if needed, and completing any necessary paperwork and forms"). It does not appear whether Malouf ever provided the United States Marshals with the address of the BOP for service on that agency.

The Court is generally more forgiving of a *pro se* plaintiff's procedural errors. See Morales v. Spencer, No. 13-cv-12423-FDS, 2014 WL 2003039, at *2 (D. Mass. May 14, 2014) (granting *pro se* plaintiff a thirty-day extension for service of process absent showing of good cause); Edwards v. Bertucci's Italian Rest., No. 13-cv-10604-FDS, 2013 WL 5012705, at *2-3 (D. Mass. Sept. 11, 2013) (providing *pro se* plaintiff a final opportunity to properly serve the defendant where he "clearly is unfamiliar with service procedures"). Accordingly, Malouf shall have 60 days from the date of this order to send the summons and Complaint to the BOP. Malouf must provide the address of the BOP to the United States Marshals Service such that the marshals can effect service through the procedures outlined in this Court's previous Order. (Mem. and Order at 4-5 (dkt. no. 5).)

---

[1] The Court had provided Malouf with instructions for making service on the United States under Rule 4 as well as the addresses for the Attorney General of the United States and the United States Attorney's Office for the District of Massachusetts.

For the reasons stated herein, the United States' Motion to Dismiss (dkt. no. 11) is DENIED and the plaintiff has 60 days from the date of this order to serve the BOP.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge